**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:10-CV-319 (MTT)** |
| | ) | |
| **$19,054.00 IN UNITED STATES FUNDS,** | ) | |
| | ) | |
| **Defendant Property.** | ) | |
| | ) | |

## ORDER

This matter is before the Court on Claimant's Motions Requesting an Extension of Time to Complete Discovery and Appointment of Counsel.  (Doc. 17).  For the following reasons, the Motion is GRANTED in part and DENIED in part.

On September 26, 2011, the Claimant filed his motion requesting an extension of time to respond to the Plaintiff's first set of Interrogatories. The Court finds the request to reasonable and justified.  Therefore, the Court GRANTS the Claimant's Motion and extends the deadline for the Claimant to respond to the Plaintiff's Interrogatories until October 30, 2011.

In his Motion Requesting an Extension of time to Complete Discovery, the Claimant also requests appointment of counsel from the Court.  Pursuant to 28 U.S.C. § 1915(e)(1), "the court may request an attorney to represent any person unable to afford counsel."  However, "[a]ppointment of counsel in a civil case is not a constitutional right."  *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Hunter v. Dept. of Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir.1988) (stating that decision is within

discretion of district court).   Rather, "it is a privilege that is justified only by exceptional circumstances." *Wahl*, 773 F.2d at 1174.  In exercising its discretion regarding whether to appoint counsel for an indigent party, "the district court typically considers, among other factors, the merits of the plaintiff's claim and whether the claim is factually or legally so complex as to warrant the assistance of counsel."  *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

Here, the Claimant asserts that he should be appointed counsel because his former attorney has withdrawn from representation.  The former attorney was retained to represent the Claimant in a criminal action in Lamar County and had originally agreed to represent the Claimant in the present matter *pro bono*.  However, because of the Claimant's recent arrest and incarceration in Marianna, Florida, the former attorney filed a motion to withdraw as the Claimant's attorney, and that motion was subsequently granted.  (Doc. 21).  The Claimant gives no specific reasons as to why the Court should appoint counsel and files no evidence supporting his inability to pay another attorney. The Claimant merely states "Petitioner [has] no money to acquire new counsel and no legal expertise to adequately litigate."  (Doc. 15).  Even assuming the Plaintiff can prove he is unable to afford an attorney, this case is neither factually nor legally complex.  *See Wahl*, 773 F.2d at 1174 (finding that exceptional circumstances were not established where essential facts and legal doctrines were ascertainable without assistance of court-appointed counsel).  Accordingly, because the Plaintiff has not shown the existence of exceptional circumstances necessary to justify the appointment of counsel, the Motion for Appointment of Counsel is DENIED.

**SO ORDERED**, this 18th day of October, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT