IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:10-CV-319 (MTT) |
| $19,054.00 IN UNITED STATES FUNDS, | ) |
| Defendant Property. | ) |

## ORDER

This matter is before the Court on Claimant Yoelkys Martinez Diaz's Motion for Reconsideration. (Doc. 26). The Motion seeks to overturn the August 25, 2011 Text Order by the Court which granted the Claimant's former counsel's Motion to Withdraw as Attorney (Doc. 15).[1]

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. 2010) (internal quotation marks and citation omitted). "In order to demonstrate clear error, the party moving for

---

[1] The Court granted the Attorney's Motion to Withdraw through a Text Order on August 25, 2011. The Court subsequently asked the Attorney to reply to the Claimant's Response (Doc. 15) opposing his withdrawal. (Doc. 18). On October 18, 2011, after considering both the Attorney's reply and the Claimant's Response opposing the Motion to Withdraw, this Court affirmed its August 25, 2011 Order. (Doc. 21).

reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F.Supp. 1209, 1222-23 (M.D. Ga. 1997).

Here, the Claimant has not met his burden.  He has alleged no intervening change in the law, has presented no new relevant evidence not previously available to the parties, and the Court is not persuaded its previous ruling was clearly erroneous. Although the Claimant attaches a prison record of communications between he and his former counsel, the evidence fails to offer anything novel or important to the Court's previous analysis of the Motion to Withdraw as Attorney.  Accordingly, the Claimant's Motion for Reconsideration is DENIED.

**SO ORDERED,** this 15th day of November, 2011.


S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT


bnw